# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Laron Young, | ) | Case No. 1:17-cr-194 |
| Defendant. | ) | |

Defendant is charged in an Indictment with the following offenses: conspiracy to distribute and possess with intent to distribute a controlled substance; possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime; possession or sale of a stolen firearm, and possession of a firearm by a prohibited person. On September 21, 2017, he made his initial appearance before this court and was arraigned. He was remanded into the custody of the United States Marshal after he waived in open court his right to a detention hearing and consented to detention.

On October 26, 2017, defendant filed a "Motion for Detention Review." He seeks a transfer to a detention facility in Minnesota. He explains that he currently has several criminal matters pending in State court in Minnesota and that his detention in North Dakota has hampered his ability to consult with his Minnesota counsel and otherwise with assist in the preparation of his defense in his Minnesota cases. Additionally, he avers that a transfer to a facility in Minnesota would afford his gravely ill mother the opportunity to visit him.

On October 27, 2017, the Government filed a response to defendant's motion. It objects to releasing defendant on the ground that he both a flight risk and danger. In so doing, it avers that

1

defendant absconded from Minnesota while his State cases were pending and thereafter engaged in conduct giving rise to the above-entitled cation.

Defendant is currently in federal custody. The facility to which he is designated while in federal custody rests with the United States Marshal, not the court. Consequently, the court cannot direct the United States Marshal to transfer defendant to an out-of-district pretrial detention center. As for defendant's request that the court recommend his transfer to an out-of-district facility, the court in its discretion declines. If what defendant says is true, that his present incarceration in this district hinders his ability to consult with Minnesota counsel, then it would stand to reason that ability to consult with counsel appointed to represent him in this district would be similarly affected if he were transferred out-of-district. Defendant's motion (Doc. No. 31) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court